NOT DESIGNATED FOR PUBLICATION

No. 112,350

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID REYNA, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Opinion filed September 11, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam:* The district court ordered David Reyna, Jr. to report to the Department of Corrections for the rest of his life after he serves his sentence for two counts of aggravated indecent liberties with a child. Reyna contends this lifetime supervision is cruel and unusual punishment. Kansas Supreme Court precedent compels us to rule otherwise.

1

*The facts are undisputed.*

After making a plea bargain with the State, Reyna plead guilty to two counts of aggravated indecent liberties with a child. He agreed to an aggravated number from the sentencing grid box and understood there was a possibility of consecutive sentences. The district court accepted the plea and entered a total presumptive sentence of 161 months' imprisonment with a 36-month term of postrelease supervision.

About 2 years later, the State moved to correct an illegal sentence, claiming that K.S.A. 2011 Supp. 22-3717(d)(2)(B) and K.S.A. 2011 Supp. 22-3717(d)(1)(G), the statutes in effect at the time the offense was committed, required that Reyna serve a lifetime term of postrelease supervision. The State asked the district court to correct the illegal sentence and impose lifetime postrelease upon Reyna.

The district court ordered a new sentencing hearing. At that hearing, Reyna objected on constitutional grounds to a lifetime postrelease sentence. Reyna argued that the sentence was constitutionally disproportionate and that it failed under the factors established by the Kansas Supreme Court in *State v. Freeman*, 223 Kan. 362, 574 P.2d 950 (1978). After considering Reyna's arguments and performing the statutorily required analysis, the district court amended Reyna's sentence and imposed lifetime postrelease supervision.

Reyna argues on appeal that the facts of his crime are so minimal that the lifetime postrelease portion of his sentence is disproportionately long. He also notes that he would have received a shorter postrelease sentence had he been convicted of intentional second-degree murder. And, finally, Reyna asserts that Kansas is one of the few states in the nation with a lifetime postrelease sentence for this type of sex crime and, thus, is contrary to the national consensus.

Obviously, these are questions of statutory application and interpretation. We will treat them as questions of law and exercise an unlimited review. We do note the long-standing policy in Kansas that appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the legislature's apparent intent. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014). We now look to the three factors that the Supreme Court expects us to consider when making this analysis.

In *Freeman*, the Kansas Supreme Court established guidelines that are to be used when evaluating whether the length of a sentence "offends the constitutional prohibition against cruel punishment." 223 Kan. at 367. The factors that must be examined are:

1. The "nature of the offense and the character of the offender" must be examined, with "particular regard to the degree of danger present to society." Relevant inquiries include the facts of the crime, whether the crime was violent, the extent of the defendant's culpability for the victim's injuries, and the penological purposes for the punishment;

2. The comparative length of the punishment for the crime of conviction versus punishments imposed in this jurisdiction for "more serious offenses." To the extent that a more serious crime is punished less severely, the sentence in question is "suspect"; and

3. The comparative length of punishments in other jurisdictions for the identical offense. 223 Kan. at 367.

We will follow that order in our analysis.

*This is a serious offense involving a very young child victim.*

When looking at the details of Reyna's crime of conviction, the district court noted that the victim was 9 years old, Reyna had access to the child because he was dating her mother and living in the household, and Reyna had a prior conviction for attempted aggravated indecent liberties as a juvenile. Reyna's crime is sexually violent because the legislature included aggravated indecent liberties with a child in its list of sexually violent crimes. See K.S.A. 2011 Supp. 22-3717(d)(2)(C). Because of this statutory categorization, the district court had no choice but to conclude that the crime was sexually violent.

There is also general recognition that sex crimes against minors are "'particularly heinous crimes.'" See *State v. Mossman*, 294 Kan. 901, 909, 281 P.3d 153 (2012). Because of this fact, society has a "penological interest in punishing" those who commit such crimes because they are dangerous to society. 294 Kan. at 909. It is for this reason that sex crimes against minors are characterized as a violent felony even if no physical force is involved. 294 Kan. at 909.

While there was no evidence presented that Reyna physically harmed his victim during the crime, he did admit at the plea hearing that he fondled the 9-year-old's genitals and breasts with his hands. The district judge thought she was prepubescent.

Prior Kansas cases suggest that violence, either actual or implied, is not a prerequisite for a sentence to pass constitutional muster under the first *Freeman* factor. See *State v. Cameron*, 294 Kan. 884, 886, 892, 281 P.3d 143 (2012). The *Cameron* court held that a lifetime postrelease sentence is not cruel and unusual where the crime involved an intoxicated man pressing his erect penis against his stepgranddaughter's back.

In addition to this, there were extensive victim impact statements given at the sentencing hearing, including one from the victim's mother. She noted that their family was breaking down in the aftermath of Reyna's crimes and it was causing them to question their happiness. The victim's father also spoke of how the entire family had been affected and that he hoped that counseling would help.

The district court's factual findings related to the nature of Reyna's offense are supported by substantial competent evidence, as are its legal conclusions. See *Cameron*, 294 Kan. at 892.

*Following precedent, we reject the length of sentence argument.*

In *Mossman*, the Kansas Supreme Court held that a lifetime postrelease sentence is "not grossly disproportionate in relation to the sentence applicable to second-degree murder in Kansas" in light of the penological purposes of the punishment, the nature of the crime, and the other issues addressed when examining the first *Freeman* factor. 294 Kan. at 917. This is especially true since while Reyna's total sentence is longer than that for a person convicted of intentional second-degree murder, his term of confinement is shorter and he will be able to serve much of that time out of prison. See *Mossman*, 294 Kan. at 913.

The Kansas Supreme Court has already rejected this argument concerning this *Freeman* factor. We are duty bound to follow Kansas Supreme court precedent, absent some indication that the Supreme Court is departing from a previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012).

*We look at other jurisdictions.*

Reyna concedes that seven states impose mandatory postrelease sentences for crimes of this nature. That was also noted by the district court. The *Mossman* court acknowledged that while Kansas imposes a more severe punishment than "most other" jurisdictions, the sentence is still not cruel and unusual because of the goals that are furthered by lifetime supervision. 294 Kan. at 920-21. We must follow the Supreme Court's ruling on this point.

In summary, Reyna's sentence is constitutionally appropriate under all three of the *Freeman* factors.

*We review the categorical challenges because it fits into an exception to the rule against raising constitutional issues for the first time on appeal.*

Reyna posits a categorical challenge to the constitutionality of the statute even though that argument was not made to the district court. In *State v. Williams*, 298 Kan. 1075, 1084, 319 P.3d 528 (2014), the court held that a "categorical [Eighth Amendment] challenge may be raised for the first time on appeal. [Citations omitted.]" Following that guidance we will also address the issue.

When it was considering a categorical challenge to the proportionality of a sentence, the United States Supreme Court did hold that a sentence of life without parole for a juvenile offender was exceedingly rare and concluded that a national consensus has developed against it. See *Graham v. Florida*, 560 U.S. 48, 67, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). From this holding, Reyna argues lifetime postrelease supervision is categorically disproportionate for the category of "where the offender and the victim, under age 14, engage in lewd fondling for sexual gratification, but without penetration."

First, we do not see that a lifetime of monthly reporting is even closely comparable to the experience of one incarcerated in prison for the rest of their life. Life in prison is much more of a severe punishment. Second, in *Mossman*, the Kansas Supreme Court validated a lifetime postrelease supervision sentence where three other states had a similar term of lifetime postrelease supervision. 294 Kan. at 917. Reyna admits that there are now "at least seven states" with a similar sentencing scheme. The fact that numbers are increasing, rather than decreasing, suggests that the national consensus on lifetime postrelease is increasing rather than decreasing. In addition, the *Mossman* court noted that it was "not aware of any court that has found lifetime postrelease supervision of a violent sex offender to be cruel and unusual punishment." 294 Kan. at 920.

The Kansas Supreme Court has already concluded that Kansas' lifetime postrelease scheme does not offend constitutional sensibilities, even if majorities of states do not have a similar sentencing structure. The analysis and outcome remain the same, even if Reyna presents the argument in a different way.

Listing four issues that should be evaluated by this court, Reyna asks us to exercise our own independent judgment to determine whether lifetime postrelease supervision violates either the United States Constitution or the Kansas Constitution, or both. He wants us to look at retribution, deterrence, incapacitation, and rehabilitation.

Our ability to exercise independent judgment is limited by our obligation to follow Kansas Supreme Court precedent. And the Kansas Supreme Court has already determined that "legitimate penological goals—retribution, deterrence, incapacitation, and rehabilitation—are furthered by lifetime postrelease supervision." Moreover, the court concluded these factors "outweigh the lack of strict proportionality with other sentences in Kansas and other jurisdictions, especially given that the sentence is not grossly disproportionate." *Mossman*, 294 Kan. at 920-21.

7

This analysis was used in *Mossman* even though the offender in that case had no prior convictions for sex crimes. 294 Kan. at 930. Reyna, in contrast, has a prior conviction for attempted aggravated indecent liberties with a child. If a first-time offender's lifetime postrelease punishment was deemed "not categorically disproportionate" and, therefore, not cruel and unusual, then we must assume that the punishment also passes constitutional muster for a second-time offender.

We reject these arguments and affirm the district court's order for lifetime postrelease sentence supervision.

Affirmed.